Mark C. Gardy
Jennifer Sarnelli
**GARDY & NOTIS, LLP**
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
Tel: (201)567-7377
Fax: (201)567-7337

Jeffrey C. Block
Jacob A. Walker
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
Tel: (617)398-5600
Fax: (617)507-6020

*Counsel for Proposed Lead Plaintiff and*
*Proposed Liaison and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Lifestyle Investments, LLC, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Amicus Therapeutics, Inc., and John F. Crowley,<br><br>　　　　　　　Defendants. | Case No. 3:15-cv-07530-FLW-DEA<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DR. BARRY BRENNER'S MOTION TO CONSOLIDATE ALL RELATED ACTIONS AND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Return Date**: January 4, 2016 |

GARY FRECHTER, on behalf of himself and all others similarly situated,

               Plaintiff,

      v.

AMICUS THERAPEUTICS, INC., JOHN F. CROWLEY, and JAY A. BARTH,

               Defendants.

Case No. 3:15-cv-07380-FLW-DEA

MICHAEL R. HARVEY, individually and on behalf of all others similarly situated,

               Plaintiff,

      v.

AMICUS THERAPEUTICS, INC. and JOHN F. CROWLEY,

               Defendants.

Case No. 3:15-cv-07448-FLW-LHG

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................1

STATEMENT OF FACTS ........................................................................2

ARGUMENT .........................................................................................6

  I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................6

  II.  DR. BRENNER SHOULD BE APPOINTED LEAD PLAINTIFF ..............8

    A.   Dr. Brenner Has Filed This Motion in Response to Appropriately
       Published Notice, and Stands Ready to Serve as Lead Plaintiff...............9

    B.   Dr. Brenner Has The "Largest Financial Interest" In The Relief Sought
       By The Class ..........................................................................10

    C.   Dr. Brenner Otherwise Satisfies the Requirements of Rule 23 of the
       Federal Rules of Civil Procedure ...............................................11

    D.   Dr. Brenner Will Fairly and Adequately Represent the Interests of the
       Class and is Not Subject to Unique Defenses ................................13

  III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
       APPROVED ...........................................................................14

  IV.   CONCLUSION .......................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Baby Neal v. Casey*,
   43 F.3d 48 (3d. Cir 1994) ...................................................................12

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d. Cir 2006) ..............................................................12

*Hohenstein v. Behringer Harvard REIT, I, Inc.*,
   No. 3:12-cv-3772, 2012 U.S. Dist. LEXIS 180013
   (N.D. Tex. Dec. 20, 2012) ...................................................................14

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010)...............................................10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ..................................................... 9, 11, 13

*In re Centerline Holding Co. Sec. Litig.*,
   2008 U.S. Dist. LEXIS 36406 (S.D.N.Y. May 5, 2008)......................10

*In re FleetBoston Fin. Corp. Sec. Litig.*,
   No. 02-cv-4561, 2005 U.S. Dist. LEXIS 36431 (D. N.J. Dec. 22, 2005)...... 12-13

*Roby v. Ocean Power Techs.*,
   Nos. 14-cv-3799, 14-cv-3815, 14-cv-4015, 14-cv-4592,
   2015 U.S. Dist. LEXIS 42388 (D. N.J. Mar. 17, 2015) ...................... 7-8

*Sklar v. Amarin Corp. PLC*,
   Nos. 13-cv-06663, 13-cv-07210, 13-cv-07793, 13-cv-07794,
   2014 U.S. Dist. LEXIS 103051 (D. N.J. Jul. 29, 2014) .............................. 7, 9, 14

**Statutes**

§  15 U.S.C. § 78u-4 et seq. ............................................................... passim

§§ 15 U.S.C. § 78j(b) ........................................................................ 1-2

§§ 15 U.S.C. § 78t(a) ........................................................................ 1-2

Securities and Exchange Commission ("SEC")
   Rule 10b-5, 17 C.F.R. § 240.10b-5 ....................................................2

**Rules**

Fed. R. Civ. P. 23 .......................................................................... 2, 11, 12

Fed. R. Civ. P. 42 ............................................................................ 1, 6, 7

Dr. Barry Brenner respectfully submits this Memorandum of Law in support of his motion, pursuant to § 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating three related cases against Amicus Therapeutics, Inc. and certain of its executives; (2) appointing Dr. Brenner as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of Amicus Therapeutics ("Amicus" or the "Company") during the relevant class period; (3) approving Dr. Brenner's selection of Block & Leviton LLP as Lead Counsel and Gardy & Notis, LLP as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

*Lifestyle Investments, LLC v. Amicus Therapeutics, Inc., et al.,* is the first-filed of three securities class action lawsuits against Amicus and certain of its executives. The *Lifestyle* action was filed on behalf of all persons and entities that purchased or otherwise acquired Amicus securities during the period between September 15, 2015 and October 1, 2015, both dates inclusive (the "Class Period"). All three of these actions have been brought pursuant to §§ 10(b) and

1

20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

Pursuant to the PSLRA, the Court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Dr. Brenner is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. Dr. Brenner has the largest financial interest in the relief sought in this action by virtue of his substantial investments in Amicus during the Class Period, and the losses he suffered as a result of Defendants' misconduct. Dr. Brenner further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate representative of the Class whose claims are typical of the other Class members. Accordingly, Dr. Brenner respectfully submits that he should be appointed Lead Plaintiff, and that his choice of counsel should be appointed as Lead and Liaison Counsel for the Class.

## STATEMENT OF FACTS

Amicus describes itself as a "biotechnology company at the forefront of therapies for rare and orphan diseases," that "has a robust pipeline of advanced therapies for a broad range of human genetic diseases." (Lifestyle Compl. ¶ 14.) On September 15, 2015, the Company issued a press release describing a same-day

meeting with the Food and Drug Administration ("FDA") regarding the Company's migalastat therapy for the treatment of Fabry disease. The press release described the meeting as "collaborative," and stated that it was a "great example of FDA and industry working together to advance innovative therapies for people living with debilitating genetic disorders." (*Id*. ¶ 3.) The press release also stated that, based on the guidance provided by the FDA during the meeting, the meeting "further reinforce[d] our confidence in [Amicus' new drug application] package and post-marketing confirmatory study we are preparing for submission by the end of this year." (*Id*. ¶ 4.)

In publicly-available guidance, the FDA advises companies that meet with the agency to carefully summarize their understanding of the meeting's outcome back to the FDA staff *at the conclusion of the meeting*. This ensures that the FDA and the company have a mutual understanding of the meeting's outcome and follow-up actions. (*Id*. ¶ 5.) Because of this policy, no company should leave an FDA meeting without a clear understanding of precisely where that company's application stands with the agency. As such, investors were pleased by Amicus' September 15, 2015 press release discussing that the Company's would file its NDA for migalastat therapy for the treatment of Fabry disease by year-end 2015.

Yet the statements made by Amicus and Defendant Crowley in the September 15, 2015 press release were materially false and/or materially

misleading when made. In fact, at the meeting, the FDA expressed concerns about Amicus' forthcoming new drug application ("NDA") for migalastat and, as a result, Amicus and Crowley had no basis for "confidence" in the study and for "preparing for [its] submission by the end of this year." (*Id.* ¶ 6.) Amicus admitted, on October 2, 2015, (through a press release published before the market opened) that it would not be in a position to submit its NDA by year-end 2015. (*Id.*) Amicus stock plummeted more than 50% on this news. (*Id.* ¶ 7.)

Three related lawsuits were filed in this Court shortly thereafter: Class Action Complaint, *Lifestyle Investments, LLC v. Amicus Therapeutics, Inc., et al.,* No. 3:15-cv-07350 (D. N.J. Oct. 7, 2015) (ECF No. 1) ("Lifestyle Compl."); Class Action Complaint, *Frechter v. Amicus Therapeutics, Inc., et al.,* No. 3:15-cv-07380 (D. N.J. Oct. 8, 2015) (ECF No. 1) ("Frechter Compl."), and Class Action Complaint, *Harvey v. Amicus Therapeutics, Inc., et al.*, No. 3:15-cv-07448 (D. N.J. Oct. 13, 2015) (ECF No. 1) ("Harvey Compl.").

The *Lifestyle* and *Harvey* complaints allege a class period of September 15, 2015, the day Amicus positively reported on its FDA meeting, through October 1, 2015, the day on which Amicus stated that, contrary to its statement on September 15, 2015, the feedback it received from the FDA was not positive and it would not submit its NDA by year-end 2015.

The *Frechter* complaint begins the action on March 19, 2015 when Amicus allegedly falsely stated, among other things, "Amicus plans to schedule a pre-NDA meeting and to submit an NDA under Subpart H in the second half of 2015." (Frechter Compl. ¶ 24.)   The *Frechter* complaint alleges that Crowley falsely stated on May 5, 2015 that Amicus was "confident in the drug approval pathway in the U.S.," and that "we're actively preparing the new drug application, the NDA submission for the second half of this year."  (*Id.* at 29.)  The *Frechter* complaint identifies a number of statements wherein Amicus or Crowley state that Amicus is preparing for an NDA submission in the second half of 2015.

The *Frechter* complaint alleges that Defendants' statements regarding a second-half 2015 NDA filing were false and misleading because the Company's studies failed to satisfy the FDA's concerns over the effect of the drug on gastrointestinal symptoms and because the FDA was requiring full integration and additional analysis of the clinical data.  (*Id* at 44.)  The *Frechter* complaint cites to an October 2, 2015 conference call with analysts in which Crowley explained that the basis for the delayed NDA filing was "based on the meeting we just recently held in person with the FDA" and based on additional discussions recently held with the FDA.  (*Id* at 45.)

**ARGUMENT**

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

In the days following Amicus' October 2, 2015 press release, three cases were filed in this Court alleging Section 10(b) and 20(a) claims against Amicus and some of its executives.  Each of the three cases identifies the October 2, 2015 press release as the corrective disclosure which caused Amicus stock to drop.  The three cases are described below:

| Case | Date Filed | Class Period | Defendants |
|---|---|---|---|
| *Lifestyle Investments, LLC v. Amicus Therapeutics, Inc., et al.* (No. 3:15-cv-07350) | October 7, 2015 | September 15, 2015 – October 1, 2015 | Amicus Therapeutics, Inc.<br><br>John F. Crowley |
| *Frechter v. Amicus Therapeutics, Inc., et al.* (No. 3:15-cv-07380) | October 8, 2015 | March 19, 2015 – October 1, 2015 | Amicus Therapeutics, Inc.<br><br>John F. Crowley<br><br>Jay A. Barth |
| *Harvey v. Amicus Therapeutics, Inc., et al.* (No. 3:15-cv-07448) | October 13, 2015 | September 15, 2015 – October 1, 2015 | Amicus Therapeutics, Inc.<br><br>John F. Crowley |

Rule 42(a) of the Federal Rules of Civil Procedure provides:

When actions involving common questions of law and fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all actions

> consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also Sklar v. Amarin Corp. PLC,* Nos. 13-cv-06663, 13-cv-07210, 13-cv-07793, 13-cv-07794, 2014 U.S. Dist. LEXIS 103051 (D. N.J. Jul. 29, 2014) (Wolfson, J.); *Roby v. Ocean Power Techs.*, Nos. 14-cv-3799, 14-cv-3815, 14-cv-4015, 14-cv-4592, 2015 U.S. Dist. LEXIS 42388 (D. N.J. Mar. 17, 2015) (Wolfson, J.). Furthermore, the PSLRA directs that cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. 78u-4(a)(3); *Amarin Corp.*, 2014 U.S. Dist. LEXIS 103051, at *17-18.

Here, all three complaints contain claims under Section 10(b) and 20(a) of the Exchange Act (Lifestyle Compl. ¶¶ 57-62; Frechter Compl. ¶¶ 63-79; Harvey Compl. ¶¶ 57-62.)  All three complaints name Amicus Therapeutics and John F. Crowley as Defendants (Lifestyle Compl. ¶ 15; Frechter Compl. ¶ 13; Harvey Compl. ¶ 15.)  All three complaints allege a class period that ends on October 2, 2015, when Amicus issued its corrective press release (Lifestyle Compl. ¶¶ 1, 6; Frechter Compl. ¶¶ 1, 4; Harvey Compl. ¶¶ 1, 6.)

While the *Frechter* complaint alleges a longer class period and asserts claims against another Amicus executive, Jay A. Barth, these differences do not negate the need to consolidate these cases under Fed. R. Civ. P. 42(a) and under the PSLRA. *See, e.g., Ocean Power*, 2015 U.S. Dist. LEXIS 42388, at *8-9

(consolidating cases where there are "slight differences" in the pending actions, but all "involve the same subject matter, are based on substantially the same conduct, and largely name the same defendants.")

Finally, all parties have already agreed to negotiate a schedule which specifically contemplates the filing of a consolidated amended complaint once the Court "enters an order appointing lead plaintiff and lead counsel and consolidating these and any related actions . . ." (Stipulation and Order, ECF No. 10.) The appointed lead plaintiff, along with lead counsel, will have the opportunity to draft and file a consolidated amended complaint, and that complaint can allege the appropriate class period and name the appropriate defendants. As such, the variations in the complaints do not affect the need to consolidate these cases.

## II.   DR. BRENNER SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead

plaintiff filed in response to any such notice. Under this section, the court "shall" appoint the "presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that the plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); *Amarin Corp.*, 2014 U.S. Dist. LEXIS 103051, at *14-17.

As set forth below, Dr. Brenner satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class, and, therefore, should be appointed Lead Plaintiff for the Class.

## A.   Dr. Brenner Has Filed This Motion in Response to Appropriately Published Notice, and Stands Ready to Serve as Lead Plaintiff

Shortly after filing the *Lifestyle Investments* action, on October 7, 2015, Block & Leviton issued a press release through PR Newswire announcing the commencement of this action and providing notice, pursuant to the PSLRA, of the deadline for filing a motion to be considered as lead plaintiff. That announcement properly notified that investors of Amicus had until December 7, 2015 to file a motion to be appointed as lead plaintiff. *See* Sarnelli Decl. Exhibit A.

Dr. Brenner has indicated his interest in serving as lead plaintiff by filing this motion, and by executing a certification that, among other things, sets forth his transactions in Amicus Therapeutics stock during the class period. *See* Sarnelli Decl. Exhibit B. As indicated in the certification, Dr. Brenner stands ready to serve as lead plaintiff in this action. *Id.*

### B.   Dr. Brenner Has The "Largest Financial Interest" In The Relief Sought By The Class

Two complaints allege a class period between September 15, 2015 and October 1, 2015 (*Lifestyle Compl.* ¶ 1 and *Harvey Compl.* ¶ 1); one complaint alleges a class period between March 17, 2015 and October 1, 2015 (*Frechter Compl.* ¶ 1). Whichever class period is considered[1], based on all information known to counsel at the time of filing, Dr. Brenner believes he has suffered the largest losses of any other party seeking lead plaintiff status.

As illustrated in the attached loss charts, Dr. Brenner suffered losses of $193,274.45 during the March 17, 2015 to October 1, 2015 class period, and losses

---

[1]     Dr. Brenner suffered significant losses in both proposed class periods. This Court, however, need not "blindly accept[…] the longest class period" in a lead plaintiff contest. *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) and the Court may use a "plausibility standard" to evaluate the proper class period in determining the proper lead plaintiff. *In re Centerline Holding Co. Sec. Litig.* 2008 U.S. Dist. LEXIS 36406, at *11-15 (S.D.N.Y. May 5, 2008) (finding that a proposed longer class period would not be plausible under the facts alleged). If appointed as the lead plaintiff, Dr. Brenner will investigate whether the proposed longer class period may be viable, especially considering that he lost almost $200,000 in this period.

of $56,779.66 during the September 15, 2015 to October 1, 2015 class period. *See* Sarnelli Decl. Exhibits C and D, using the LIFO method of loss allocation.

### C.   Dr. Brenner Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) The class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court's initial inquiry "should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy." *In re Cendant Corp. Litig.*, 264 F.3d at 263. "[T]he court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive." *Id.* at 264.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when the Court determines that "the named plaintiffs' claims [are] typical, in common-sense

terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d. Cir 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55) (3d. Cir 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

Dr. Brenner's claims are typical of those of the Class.  Dr. Brenner will allege that defendants violated the Exchange Act by making what they knew, or in reckless disregard for the truth should have known, were false or misleading statements of material facts concerning Amicus, or omitted material facts necessary to make the statements they did make not misleading. Dr. Brenner, like all other members of the Class, purchased Amicus shares during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party will fairly and adequately protect the interests of the class.  *In re FleetBoston Fin. Corp. Sec. Litig.*, No. 02-cv-4561,

2005 U.S. Dist. LEXIS 36431, at *8-9 (D.N.J. Dec. 22, 2005); *In re Cendant Corp. Litig.*, 264 F.3d at 263.

Dr. Brenner is an adequate representative of the Class. There is no antagonism between Dr. Brenner's interests and those of the Class, and Dr. Brenner's losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, as discussed below, Dr. Brenner has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this one. And through this motion, Dr. Brenner has submitted his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### D.   Dr. Brenner Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Dr. Brenner as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Dr. Brenner's ability and desire to fairly and adequately represent the Class has been discussed above. Dr. Brenner is unaware of any unique defenses that defendants could raise that would render him inadequate to represent the Class.

Because Dr. Brenner has suffered the largest loss of any party seeking lead plaintiff status, he is the presumptive lead plaintiff. Furthermore, because no party can rebut this presumption, Dr. Brenner is the appropriate lead plaintiff of the consolidated cases.

## III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Sklar v. Amarin Corp. PLC*, 2014 U.S. Dist. LEXIS 103051, at *32-33 (appointing the lead and liaison counsel selected by the most adequate plaintiff.)

Here, Dr. Brenner has selected Block & Leviton LLP as Lead Counsel and as noted recently by one district court:

> [T]he attorneys at Block & Leviton are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. . . . [T]he court is convinced that [Plaintiffs'] chosen counsel [Block & Leviton] have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.

*Hohenstein v. Behringer Harvard REIT, I, Inc.*, No. 3:12-cv-3772, 2012 U.S. Dist. LEXIS 180013, *12 (N.D. Tex. Dec. 20, 2012).  Both Block & Leviton and Gardy Notis are highly experienced in the area of securities class action litigation and

have successfully prosecuted numerous securities litigations throughout the country. *See* Sarnelli Decl., Exhibits E and F.  As a result of each firm's extensive experience in litigation involving issues similar to those raised in this action, its counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court can be assured that by approving Dr. Brenner's selection of Lead and Liaison Counsel, members of the class will receive excellent legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Dr. Brenner respectfully requests the Court to issue an Order (1) consolidating the three cases filed against Amicus; (2) appointing Dr. Brenner as the Lead Plaintiff for the Class; (3) approving Block & Leviton as Lead Counsel and Gardy Notis as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  December 7, 2015            GARDY NOTIS, LLP
                                    *Counsel for Proposed Lead Plaintiff*
                                    *and Proposed Liaison Counsel for the*
                                    *Class*

                                    By:    /s/ Jennifer Sarnelli
                                           Jennifer Sarnelli
                                    Mark C. Gardy
                                    Jennifer Sarnelli
                                    **GARDY & NOTIS, LLP**
                                    560 Sylvan Avenue, Suite 3085
                                    Englewood Cliffs, NJ 07632
                                    Tel:  (201)567-7377
                                    Fax:  (201)567-7337

Jeffrey C. Block
Jacob A. Walker
**BLOCK & LEVITON LLP**
*(pro hac vice motions to be filed)*
155 Federal Street, Suite 400
Boston, MA 02110
Tel:  (617)398-5600
Fax:  (617)507-6020