**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| LIFESTYLE INVESTMENTS, LLC, individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiff, | : | Civil Action No. 3:15-cv-07350 |
| v. | : : : | |
| AMICUS THERAPEUTICS, INC. and JOHN F. CROWLEY, | : : : | |
| Defendants. | : : | |
| GARY FRECHTER, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | Civil Action No. 3:15-cv-07380 |
| v. | : : : | |
| AMICUS THERAPEUTICS, INC., JOHN F. CROWLEY, AND J.A. BARTH, | : : : | |
| Defendants, | : : | |
| MICHAEL R. HARVEY, individually and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | Civil Action No. 3:15-cv-07448 |
| v. | : : : | |
| AMICUS THERAPEUTICS, INC. and JOHN F. CROWLEY, | : : : | |
| Defendants, | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, <u>AND CONSOLIDATION OF ALL RELATED ACTIONS</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

SUMMARY OF THE PENDING ACTIONS ........................................................................... 2

ARGUMENT ............................................................................................................................. 4

      A.   The Public Public Pension Funds Should Be Appointed as Lead Plaintiff ................. 4

           1.   The Public Public Pension Funds' Motion Is Timely ............................... 4

           2.   The Public Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class ..................................................... 5

           3.   The Public Public Pension Funds Satisfy Rule 23 of the Federal Rules of Civil Procedure at This Stage ....................................................... 5

      B.   The Court Should Approve the Public Public Pension Funds' Selection of Counsel .. 7

      C.   All Related Actions Should Be Consolidated ............................................................ 9

CONCLUSION ........................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**CASES**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..................................................................................4

*City of St. Clair Shores General Employees Retirement System v. Inland Western
    Retail Real Estate Trust, Inc.*,
    No. 07-cv-6174 (N.D. Ill.) ....................................................................................8

*In re CNL Hotels & Resorts Inc. Federal Securities Litigation*,
    No. 04-cv-1231 (M.D. Fla.)...............................................................................8, 9

*In re Party City Secs. Litig.*,
    189 F.R.D. 91 (D.N.J. 1999)..................................................................................6

*In re Real Estate Associates Limited Partnership Litigation*,
    No. 98-cv-7035 (C.D. Cal.) ...................................................................................9

*Sklar v. Amarin Corp. PLC*,
    Nos. 13-cv-06663, 13-cv-07210, 13-cv-07793 and No. 13-cv-07794, 2014
    WL 3748248, 2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014) ................4, 9

*In re Vonage Initial Public Offering (IPO) Secs. Litig.*,
    No. 07-cv-177, 2007 WL 2683636, 2007 U.S. Dist. LEXIS 66258 (D.N.J.
    Sept. 6, 2007) ..........................................................................................5, 6, 7, 9

*In re Wells Real Estate Investment Trust, Inc. Securities Litigation*,
    No. 1:07-cv-00862/1:07-cv-02660 (N.D. Ga.) .......................................................8

**STATUTES**

15 U.S.C. § 78u-4(a) ............................................................................................ *passim*

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)..........................................................7

James D. Cox & Randall S. Thomas, "Does the Plaintiff Matter?"
    106 Colum. L. Rev. 1587 (Nov. 2006) ....................................................................7

Moore's Federal Practice § 23.191[3][b][v] ..............................................................7

Southeastern Pennsylvania Transportation Authority ("SEPTA"), Bucks County Employees Retirement Fund ("Bucks County"), Chester County Employees Retirement Fund ("Chester County"), and Delaware County Employees Retirement Fund ("Delaware County") (collectively, the "Public Pension Funds") respectfully submit this memorandum of law in support of their motion for an Order pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42(a) of the Federal Rules of Civil Procedure: (i) appointing Public Pension Funds as Lead Plaintiff; (ii) approving the Public Pension Funds' selection of Chimicles & Tikellis LLP ("C&T") as Lead Counsel for the Class; and (iii) consolidating the three related actions. In support of this Motion, the Public Pension Funds submit a memorandum of law, the Declaration of Catherine Pratsinakis ("Pratsinakis Decl.") and an Order, filed concurrently herewith.

## **PRELIMINARY STATEMENT**

Presently pending in this district are three related securities class action lawsuits (the "Related Actions") on behalf of investors in the common stock of Amicus Therapeutics, Inc. ("Amicus" or the "Company") seeking to pursue remedies under Section 10(b), Rule 10b-5 promulgated thereunder, and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, and its Chief Executive Officer John F. Crowley ("Crowley") and Chief Medical Officer Jay A. Barth ("Barth"). The Related Actions are:

| Case Caption | Civil No. | Date Filed |
|---|---|---|
| *Lifestyle Investments, LLC, v. Amicus Therapeutics, Inc. and John F. Crowley* | 3:15-cv-07350 | October 7, 2015 |
| *Frechter v. Amicus Therapeutics, Inc., John F. Crowley, and Jay A. Barth* | 3:15-cv-07380 | October 8, 2015 |
| *Harvey v. Amicus Therapeutics, Inc. and John F. Crowley* | 3:15-cv-07448 | October 13, 2015 |

The lead plaintiff motion deadline is December 7, 2015. The PSLRA requires the court to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Public Pension Funds should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have the largest financial interest in the outcome of this litigation of any plaintiff of which they are aware; and (3) will adequately represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, the Public Pension Funds' selection of C&T as Lead Counsel for the Class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Further, the related actions should be consolidated under Federal Rule of Civil Procedure 42(a) as the claims, facts and legal issues are nearly identical.

## SUMMARY OF THE RELATED ACTIONS

Amicus is a biopharmaceutical company that develops orally-administered, small molecule drugs to treat human genetic diseases. The drugs, called pharmacological chaperones, are being developed to treat Fabry disease, Gaucher, and Pompe disease. The Company's lead product candidate is the pharmacological chaperone migalastat HCl known as Galafold ("Galafold" or "migalastat"). Galafold is a small molecule that can be used as a monotherapy and in combination with enzyme replacement therapy ("ERT") for Fabry disease. To study the safety and efficacy of oral Galafold, the Company has completed two Phase III studies of the drug: Study 011 and Study 012.

During the Class Period (defined below), the Company, Crowley and Barth (the "Defendants") misrepresented the status for submitting the Company's central new drug application ("NDA") for Galafold. The Company stated (and reiterated several times) that it had determined an approval pathway for Galafold that involved the near term submission of an NDA "in the second half of 2015" to the U.S. Food and Drug Administration ("FDA") for "accelerated

approval" pursuant to 21 C.F.R. § 314, subpart H. This confidence of an approval pathway for Galafold was based on representations by the Company that the Study 011 and Study 012 "have shown that treatment with migalastat in patients with Fabry disease causes reductions in disorder substrate, stability of kidney function, reductions in cardiac mass, and improvement in gastrointestinal symptoms in patients with amenable mutations." These misrepresentations about the path to approval of its lead drug caused the Company's stock price to be artificially inflated throughout the Class Period.

On October 2, 2015, before the market opened, the Company disclosed that "Amicus does not anticipate being in a position to submit the NDA for migalastat monotherapy in the United States by the end of this year" after receiving the final FDA minutes from a pre-NDA meeting. Specifically, the FDA had requested (1) "additional data on migalastat's effect on gastrointestinal symptoms in Fabry disease to support submission requesting full approval as well as a Subpart H [accelerated approval] strategy" and (2) "further integration of existing clinical data across studies which will require more time to complete." Stock analysts following Amicus called this revelation a "huge surprise" because "as recently as Wednesday [September 30, 2015], the company said that they were on track to file their NDA before the end of the year." In reaction to the news, Amicus shares declined that same day by $7.36 per share, or more than 53% on heavy trade volume of approximately 55.6 million shares to close at $6.39 per share.

## ARGUMENT

### A.   The Public Pension Funds Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-

3

4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u- 4(a)(3)(A)(i). Next, the PSLRA provides that the Court "shall adopt a presumption that the most adequate plaintiff is the person or group of persons that – (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *See In re Cendant Corp. Litig.,* 264 F.3d 201, 262 (3d Cir. 2001); *Sklar v. Amarin Corp. PLC,* Nos. 13-cv-06663, 13-cv-07210, 13-cv-07793 and No. 13-cv-07794, 2014 WL 3748248, 2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014) (Wolfson, J.). The Public Pension Funds meet these requirements and should therefore be appointed as Lead Plaintiff.

### 1. The Public Pension Funds' Motion Is Timely

The first complaint in this action, captioned *Lifestyle Investments, LLC, v. Amicus Therapeutics, Inc. and John F. Crowley* ("*Lifestyle*") was filed on October 7, 2015, and counsel for plaintiff published notice that same day advising Class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) that the action covered a class period of September 15, 2015 through October 2, 2015, inclusive; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication, or by December 7, 2015. *See* Declaration of Catherine Pratsinakis in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Pratsinakis Decl."), Ex. A.  One day later, on October 8, 2015, the plaintiff in *Lifestyle* filed a subsequent notice was published to alert investors of the expansion of the class period to March 19, 2015 through October 2, 2015, inclusive (the "Class Period").  *See* Pratsinakis Decl., Ex. B.  Because the Public Pension Funds' Motion was filed on December 7, 2015, they are eligible for appointment as lead plaintiff.

4

## 2. The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Public Pension Funds purchased nearly 79,000 shares of Amicus common stock and suffered losses of $224,298 under last-in, first-out ("LIFO") analysis and first-in, first-out ("FIFO") analysis as a result of Defendants' alleged misconduct. *See* Pratsinakis Decl., Exs. C-D. To the best of counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Public Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

## 3. The Public Pension Funds Satisfy Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Of the four Rule 23 requirements, typicality and adequacy are generally considered the most relevant to the appointment of a lead plaintiff. *See In re Vonage Initial Public Offering (IPO) Secs. Litig.*, No. 07-cv-177, 2007 WL 2683636, 2007 U.S. Dist. LEXIS 66258, *12 (D.N.J. Sept. 6, 2007) (Wolfson, J.).

The typicality requirement of Rule 23(a)(3) is met where the circumstances of the movant with the largest losses are not "markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based." *Vonage*, 2007 U.S. Dist. LEXIS 66258, at **18-19 (internal quotation and citations omitted). Thus, typicality exists if claims "arise from the same event or course of conduct that gave rise to the claims of the other class members and are premised upon the same legal theory." *In re Party City Secs. Litig.*, 189 F.R.D. 91, 107 n.13 (D.N.J. 1999). In assessing adequacy, courts should consider "whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable agreement with that

5

counsel". *Vonage*, 2007 U.S. Dist. LEXIS 66258, at \*\*19-20 (internal quotations and citations omitted).

Here, the Public Pension Funds' claims are typical of the other shareholders because they are based on the same legal theory (violations of the Exchange Act) and arise from the same events and course of conduct (Defendants' false and misleading statements) as the Class's claims. Indeed, the Public Pension Funds' investment in Amicus spans the entire Class Period, which will ensure the entire Class's interests are protected and advanced. *See* Pratsinakis Decl., Exs. C-D.

Moreover, the Public Pension Funds satisfy the adequacy requirements because there are no conflicts between them and the members of the Class, because their selected counsel is qualified (as discussed below) and because the Public Pension Funds are experienced in federal securities litigation and have a substantial interest in the outcome of this litigation based upon the significant damages they suffered as a result of Defendants' misrepresentations. Pratsinakis Decl., Exs. C-E. The adequacy of the Public Pension Funds to prosecute this action as Lead Plaintiff is further demonstrated by the Joint Declaration submitted herewith, which details the steps the members have taken to work together to formalize their leadership of this action and the contours of their pre-existing relationships.[1] As set forth in the Joint Declaration, representatives of the Public Pension Funds held a conference call during which they discussed their shared interests in prosecuting the claims against Iconix, as well as the procedures they have implemented to ensure effective oversight of this action and of their chosen counsel. *See* Joint Decl. at ¶¶ 12-15. As four sophisticated Public Pension Funds with a significant past

---

[1] *See* Joint Declaration of Gino Benedetti, Robert G. Loughery, Frank Catania and Terence Farrell in Support of the Motion of Public Pension Funds for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of All Related Actions, Pratsinakis Decl., Ex. E ("Joint Decl.").

collaborations and experience serving as fiduciaries and monitoring counsel in securities litigation and in other contexts, the Public Pension Funds not only share a strong commitment to prosecuting this action in a cost-effective manner, but have a proven ability and wherewithal to do so. Joint Decl., at ¶¶ 8-11.

Indeed, as institutional investors, the Public Pension Funds are precisely the type of lead plaintiff envisioned by Congress when it enacted the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at \*34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors … will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). "According to Congress, institutional investors appointed as lead plaintiffs would be the most competent plaintiff to select and control lead counsel." Moore's Federal Practice § 23.191[3][b][v]. In fact, "Congress clearly envisioned that various financial institutions – Public Pension Funds, insurance companies, and mutual funds – were the most likely types of investors who could combine a large financial stake in the suit's outcome with the sophistication to guide the suit to an appropriate result." James D. Cox & Randall S. Thomas, "Does the Plaintiff Matter?," 106 Colum. L. Rev. 1587, 1588-89 (Nov. 2006); *see also Vonage*, 2007 U.S. Dist. LEXIS 66258, \*37 n.15 ("The predicate of PSLRA's aim to encourage institutional investors to seek a more active role in securities class actions is explicit in the body of the statute - namely, that investors with the largest financial interest are the presumptively most adequate plaintiff"; though an institution is not most adequate simply because of institutional status). As such, the Public Pension Funds satisfy the typicality and adequacy requirements at this stage.

    B.  <u>The Court Should Approve the Public Pension Funds' Selection of Counsel</u>

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the

7

lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); The Public Pension Funds have selected C&T to serve as Lead Counsel. Joint Decl. at ¶¶14-15.

As detailed in C&T's resume, the Public Pension Funds' proposed Lead Counsel has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. *See* C&T Firm Resume, Pratsinakis Decl., Ex. F.

C&T has secured billions of dollars of recoveries in actions filed on behalf of, among others, investors and those harmed due to corporate misconduct that violates federal and state laws. Pratsinakis Decl., Ex. F. C&T, with over 25 years of experience as securities counsel, has served as lead and co-lead counsel in cases subject to the PSLRA that have secured substantial and meaningful recovery for investors. For example, C&T has served as co-lead counsel in *In re CNL Hotels & Resorts Inc. Federal Securities Litigation*, No. 04-cv-1231 (M.D. Fla.); *City of St. Clair Shores General Employees Retirement System v. Inland Western Retail Real Estate Trust, Inc.*, No. 07-cv-6174 (N.D. Ill.); and *In re Wells Real Estate Investment Trust, Inc. Securities Litigation*, No. 1:07-cv-00862/1:07-cv-02660 (N.D. Ga.), in which settlements included a $35 million cash settlement fund and $225 million in savings for the CNL shareholders; $90 million in savings for the Inland shareholders; and a $7 million cash settlement fund for the Wells investors. Notably, C&T, including Ms. Donaldson Smith, successfully litigated *In re Real Estate Associates Limited Partnership Litigation*, No. 98-cv-7035 (C.D. Cal.), through a six-week jury trial that resulted in a landmark $184 million plaintiffs' verdict, which is one of the largest, sustained jury verdicts since the passage of the PSLRA. The *Real Estate Associates* judgment was settled for $83 million, which represented full recovery for the Class (and an

8

amount in excess of the damages calculated by plaintiffs' expert). Federal and state courts nationwide have commended C&T for its representation of investors. For example, in approving the settlement in *CNL Hotels,* the Honorable Gregory A. Presnell stated that "Plaintiffs' counsel pursued this complex case diligently, completely and professionally" and "achieved a successful result."

Based upon Lead Counsel's experience and proven track record as counsel in securities class actions, the Court may be confident that the Class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Vonage*, 2007 U.S. Dist. LEXIS 66258, *41 (approving as lead counsel law firm with "numerous securities litigations … identified in its resume."). Thus, the Public Pension Funds' selection of C&T as Lead Counsel should be approved.

### C. The Related Actions Should Be Consolidated

There are three related securities class actions pending in the District of New Jersey on behalf of investors who purchased Amicus common stock, as set forth above. Consolidation of the Related Actions is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure and the PSLRA. *See, e.g., Amarin,* 2014 U.S. Dist. LEXIS 103051, **17-18 (D.N.J. July 29, 2014) (consolidating four actions brought against biotech pharmaceutical company involving the same issues of law and fact, and asserted substantially the same claims, and noting that no movant or party disputed consolidation was appropriate).

The Related Actions contain nearly identical factual and legal issues as they each arise out of the same alleged misconduct – the purchase of Amicus common stock at artificially inflated prices due to the same false and misleading statements. The complaint filed in the respective Related Actions each asserts the same federal securities claims under Sections 10(b) and 20(a) of the Exchange Act. Moreover, the parties in *Lifestyle* submitted a Stipulation and

9

Order contemplating the consolidation of the Related Actions.  (*See* ECF No. 10, Stipulation and Order, granted 11/5/2015).

## CONCLUSION

For the reasons discussed above, the Public Pension Funds respectfully request that the Court: (1) appoint them to serve as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (2) approve their selection of Chimicles & Tikellis LLP as Lead Counsel for the Class; (3) consolidate the Related Actions; and (4) grant such other relief as the Court may deem just and proper.

Dated:  December 7, 2015            Respectfully submitted,

/s/Kimberly Donaldson Smith
Kimberly Donaldson Smith (NJ-015041999)
Catherine Pratsinakis (NJ-030152001)
Christina Donato Saler (NJ-022402003)
  CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Ave.
Haverford, PA 19041
(610) 642-8500
kds@chimicles.com
cp@chimicles.com
cds@chimicles.com
*Counsel for Public Pension Funds and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I, Kimberly Donaldson Smith, hereby certify that on December 7, 2015, a copy of the Motion and Notice of Motion of the Public Pension Funds for Appointment as Lead Plaintiff, Approval of their Selection of Lead Counsel, and Consolidation of all Related Actions, the Memorandum of Law and the Declaration of Catherine Pratsinakis, filed in support thereof, were served upon the following counsel of record via the CM/ECF system:

>Mark C. Gardy
>Jennifer Sarnelli
>GARDY & NOTIS, LLP
>560 Sylvan Avenue, Suite 3085
>Englewood Cliffs, New Jersey 07632
>Attorneys for Plaintiff Lifestyle Investments, LLC
>
>Bruce D. Greenberg
>LITE DEPALMA
>GREENBERG, LLC
>570 Broad Street, Suite 120 I
>Newark, New Jersey 07102
>Attorney for Plaintiff Michael R. Harvey
>
>Jeffrey W. Herrmann
>Peter S. Pearlman
>COHN LIFLAND PEARLMAN
>HERRMANN & KNOPF LLP
>Park 80 Plaza West-One
>Saddle Brook, New Jersey 07663
>Attorneys for Plaintiff Gary Frechter
>
>Robert L. Hickok
>Angelo A. Stio III
>Brian R. Zurich
>PEPPER HAMILTON LLP
>301 Carnegie Center
>Princeton, NJ 08543-5276
>Attorneys for Defendants

*/s/ Kimberly Donaldson Smith*