UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re Amicus Therapeutics Securities Litigation* | Case No. 3:15-cv-07350-PGS-DEA<br><br>*Consolidated with 3:15-cv-07380 and 3:15-cv-07448 (per Dkt. No. 40)*<br><br>**RETURN DATE: September 17, 2018** |

**UNOPPOSED MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiff Dr. Barry Brenner, through his counsel, moves the Court for an Order (a) approving the administrative determinations of the Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), concerning the acceptance and rejection of the Claims submitted as recommended in the Declaration of Alexander Villanova Regarding Distribution Plan (the "Epiq Declaration") (attached as Exhibit 1), and (b) directing payment of the Net Settlement Fund to the Settlement Payment Recipients (as defined in the Epiq Declaration). Defendants have indicated that they do not oppose this motion.

## I. Introduction

On April 14, 2017, the parties entered into a Stipulation of Settlement (the "Stipulation") (ECF No. 59-3) to settle and resolve all claims asserted in the Action.

On June 29, 2017, the Court entered the Order Preliminarily Approving the Settlement (the "Preliminary Approval Order") (ECF No. 64).

On November 9, 2017, the Court held a Final Approval Hearing, following which, on November 15, 2017, the Court granted Final Approval of the Settlement and issued its Order and Final Judgment (the "Final Approval Order") (ECF No. 73).

Class Counsel has been advised by the Claims Administrator, Epiq, that it has completed all analyses and accounting procedures concerning the Proofs of Claim forms submitted by persons who responded to the Notice and has determined which claimants are authorized Settlement Payment Recipients. No claimants are seeking Court review of Epiq's determinations.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Settlement Payment Recipients. Class Counsel requests that such distribution is permitted.

## II. Epiq's Determination of Proofs of Claim

Epiq received 8,975 Proofs of Claim through July 31, 2018.[1] Epiq Decl. ¶ 5. After processing and analyzing those claims, Epiq determined there were

[1] The deadline to submit a Claim Form was January 1, 2018. Epiq Decl. ¶ 5. Epiq accepted 3,814 Proofs of Claim postmarked or received after the January 1, 2018 deadline. Epiq Decl. ¶ 27. 1,554 of those Proofs of Claim were found to be eligible. *Id*. Epiq has not rejected any claim for arriving late but cut off the receipt of any Proof of Claim on July 31, 2018. Epiq Decl. ¶¶ 27-28. Because the Net

deficiencies in many of those claims. Epiq Decl. ¶ 20. Epiq notified claimants of these deficiencies and allowed claimants to correct or amend their Claim Forms. Epiq Decl. ¶¶ 21-22. Epiq then analyzed all submitted corrected Proof of Claim forms to determine their eligibility. Epiq Decl. ¶¶ 22, 24. Epiq then notified claimants of its determinations. Epiq Decl. ¶ 25. Following this process, 15 claimants indicated that they wanted the Court to review Epiq's administrative determinations. Epiq Decl. ¶ 26. Epiq then contacted each individual and was able to either cure any remaining deficiencies or explain the basis for Epiq's final decision. After this process, none of these 15 claimants are Court review. Epiq Decl. ¶ 26.

Ultimately, Epiq found that of the 8,975 Proofs of Claim submitted, 5,286 claims were acceptable in whole and 127 were acceptable in part. 3,562 claims were rejected for ineligibility, deficiencies, or because the claimant had no Recognized Loss. Epiq Decl. ¶¶ 33, 35. For each eligible claim, Epiq has calculated the eligible Recognized Loss for each claimant as defined by the Plan of Distribution described in the Notice. This Recognized Loss figure will be used to

---

Settlement Amount was fixed, there is no prejudice to Defendants in accepting late claims. *See, e.g., Dartell v. Tibet Pharma., Inc.*, No. 14-3620, 2017 WL 2815073 (D. N.J. Jun. 29, 2017) at *7 (approving the acceptance of late-filed claims "if practicable, up until the time that the settlement funds are actually distributed.").

make the pro-rata distribution of the Net Settlement Fund to class members. Epiq Decl. ¶ 37.

## III. Distribution of the Net Settlement Fund

Epiq will distribute 100% of the available balance of the Net Settlement Fund—after deducting any Notice and Administration Costs, Taxes, and Tax Expenses—to Settlement Payment Recipients who would receive at least $10.00 based on their Recognized Loss Amount compared to the total Recognized Loss Amounts of all Authorized Claimants. Epiq Decl. ¶ 38. Recipients will be encouraged to promptly cash their checks within 90 days. Epiq Decl. ¶ 38(b). Epiq will attempt to locate recipients whose checks are returned as undeliverable. Epiq Decl. ¶ 38(b), n.1.

No earlier than six months after the distribution, Epiq and Lead Counsel will confer to determine whether funds still available in the Net Settlement Fund (because of uncashed or undeliverable checks) will justify a second distribution to Class Members. Epiq Decl. ¶ 38(c)-(e). If there are not enough funds to make a second distribution economically viable, per the Stipulation of Settlement, the remainder of the Net Settlement Fund will be contributed to Make-A-Wish America, a 501(c)(3) organization, headquartered in Phoenix, Arizona. Epiq Decl. ¶ 38(e).

## IV. Conclusion

Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order for Distribution of Class Settlement Funds.

August 24, 2018

Respectfully submitted,

/s/ Jennifer Sarnelli
James S. Notis
Jennifer Sarnelli
**Gardy & Notis LLP**
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07623
(201) 567-7377 phone
(201) 567-7337 fax

*Liaison Counsel*

Jeffrey C. Block, *pro hac vice*
Jacob A. Walker, *pro hac vice*
**Block & Leviton LLP**
155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax

*Lead Counsel*